# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1998 SESSION

FILED

April 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CARL WOMAC, | ) | C.C.A. 03C01-9707-CC-00251 |
| | ) | BRADLEY COUNTY |
| | ) | |
| Appellant, | ) | Hon. Carroll L. Ross, Judge |
| | ) | |
| vs. | ) | (DRIVING UNDER |
| | ) | THE INFLUENCE) |
| | ) | No. 96-526 |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

CHARLES M. CORN
District Public Defender

RICHARD HUGHES, JR.
Assistant Public Defender
P.O. Box 1453
Cleveland, TN 37364

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Cordell Hull Bldg., 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JERRY N. ESTES
District Attorney General

SANDRA DONAGHY
Assistant District Attorney General
P.O. Box 1351
Cleveland, TN 37364

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK
Special Judge

OPINION

The defendant appeals as of right his conviction for driving under the influence of an intoxicant, second offense. He raises a single issue - that the evidence is insufficient to support the jury's verdict of guilty on the underlying charge. We affirm the judgment of the trial court.

On July 6, 1996, Cleveland Police Officer Nathan Thomas was on routine patrol traveling west on Clingan Ridge Drive. Between 11:00 p.m. and midnight, as Officer Thomas approached a bar called "Bonnie's Talk of the Town", he observed the defendant drive his car out of the bar's parking lot and onto Clingan Ridge Drive in front of him. Officer Thomas observed the left tires of defendant's car cross completely over the double yellow center line. He followed the car approximately .2 miles, observing that the passenger threw something out the window. The defendant then pulled into the Waffle House parking lot. Officer Thomas pulled into the parking lot, parked beside the defendant's car, and approached the defendant. While he was about two feet away from the defendant, Officer Thomas noticed that the defendant had the smell of alcohol on his breath. According to the officer, the defendant initially advised that he had consumed one beer, but later told the officer that he had had two beers.

When the defendant exited his vehicle Officer Thomas testified that he was unsteady, tripped over his own feet, and had to grab onto the door in order to steady himself. Officer Thomas then administered several field sobriety tests, which he testified that defendant failed. Officer Thomas testified that the defendant never mentioned any disability. The defendant did say that one leg hurt, and was permitted to attempt the one-leg stand on the other leg. He failed both attempts. The defendant refused to submit to a breath test and refused to sign the implied consent form. A second officer who came to the scene, Jeff Griggs, testified that he saw the defendant attempt to perform one

2

 of the field sobriety tests, and that the defendant did not perform the test very well. Officer Griggs also noticed that the defendant smelled of alcohol and that

his speech was not clear.

The defendant testified that he had an arthritic condition in his knee which he felt prevented him from performing the tests well. He also stated that he not had anything to drink and that he had not told the officer he had anything to drink. His passenger, who admitted he was very drunk that evening, testified that he could not remember whether the defendant had anything to drink. The defendant's ex-wife testified that he was with her earlier in the evening and consumed no alcoholic beverages prior to receiving a call to go to Bonnie's and pick up the drunk friend.

The principles that govern our review of a jury verdict are well settled. When an accused challenges the sufficiency of the evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 67 L.Ed. 2d 560 (1979). We do not reweigh or reevaluate the evidence, and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W. 2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence, are resolved by trier of fact, not this court. Id.

It is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Cazes, 875 S.W. 2d 253, 259 (Tenn. 1994).

After thoroughly reviewing the record, the briefs, and the law governing the issue, we conclude that the evidence is sufficient to support the jury's verdict in this case.

The judgment of the trial court is affirmed in all respects.

_____
CORNELIA A. CLARK
SPECIAL JUDGE


CONCUR:


_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE


_____

4